```
                                              FILED
IN THE UNITED STATES DISTRICT COURT
   OF THE EASTERN DISTRICT OF TEXAS         SEP 8 2008
          TEXARKANA DIVISION
                                     CLERK, U.S. DISTRICT COURT
                                     WESTERN DISTRICT OF TEXAS
                                     BY_____
                                               DEPUTY CLERK
```

|   |   |
|---|---|
| THE ASSOCIATION OF AMERICAN § | A08CA 675LY |
| PHYSICIANS & SURGEONS, INC. § | |
| Plaintiffs § | |
| § | |
| V. § | CIVIL ACTION NO. 5:07-CV-191 |
| § | |
| THE TEXAS MEDICAL BOARD, ET § | |
| AL. § | |
| Defendants § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion for Reconsideration and Objections to Magistrate's Order Granting Defendants' Motion to Change Venue. Dkt. No. 62. Having considered the briefing and all relevant papers and pleadings, the Court finds that Plaintiff's motion should be **DENIED**.

Plaintiff Association of American Physicians & Surgeons, Inc. ("Plaintiff") filed suit against Defendant Texas Medical Board ("TMB") and certain individual Defendants who are working for the TMB, individually and in their official capacities as board members and officers of TMB: Roberta M. Kalafut, Lawrence L. Anderson, Michael Arambula, Julie K. Attebury, Jose Benavides, Patricia S. Blackwell, Melinda S. Fredricks, Manuel G. Guarjardo, Amanullah Khan, Melinda McMichael, Margaret McNeese, Charles E. Oswalt, Larry Price, Annette P. Raggette, Paulette Barker Southard, Timothy J. Turner, Timothy Webb, Irvin E. Zeitler, Donald Patrick, and John Does 1 through 10. Complaint, Dkt. No. 1 at 3-5. Plaintiff brings this action under 42 U.S.C. § 1983 alleging violations of its constitutional rights. *Id.* at 14-19.

On February 21, 2008, Defendants collectively moved to transfer venue from this Court to the Western District of Texas, Austin Division. Dkt. No. 46. By Order, dated July 28, 2008, the

Magistrate Judge granted Defendants' Motion to Transfer Venue. Dkt. No. 61. Specifically, the Magistrate Judge ordered that the above-entitled and numbered cause of action be transferred to the Western District of Texas, Austin Division. *Id.* at 12. Plaintiff now objects to the Magistrate Judge's order and asks this Court to reconsider it. Dkt. No. 62.

In its objections, Plaintiff asserts a change in venue at this date is untimely and disruptive. *Id.* at 1. Although Plaintiff asserts the Magistrate Judge stated the appropriate test for transfer, Plaintiff objects to how the Magistrate Judge applied the test here. *Id.* at 2-3. Specifically, Plaintiff asserts Defendants have the burden of demonstrating that the convenience factors favor transfer, and Defendants have failed to meet their burden. *Id.* Among other things, Plaintiff focuses on the fact the Magistrate Judge gave Plaintiff's choice of forum little weight, asserting this was erroneous. *Id.* at 3-4.

A District Judge may reconsider any pretrial matter where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A) (A judge "may designate a magistrate judge to hear and determine any pretrial matter" with exceptions, and may reconsider her ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). The Court finds that the Magistrate Judge's order was neither clearly erroneous nor contrary to law.

A plaintiff's right to choose a forum is "well-established." *In re Triton*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999). As such, the defendant has the burden to demonstrate that transfer is appropriate. *Time, Inc. v. Manning*, 366 F.2d 690, 689 (5th Cir. 1966). The extent of the defendant's burden, however, is currently unclear. The Fifth Circuit has recently considered this issue in *In re Volkswagen of America, Inc.*. 506 F.3d 376 (5th Cir. 2007)("*Volkswagen II*"). In

2

*Volkswagen II*, the Fifth Circuit considered whether a plaintiff's choice of forum should raise a presumption of fairness and convenience, which would force the defendant to show that the other factors "substantially weigh" in favor of transfer. *Id.* at 380-81.

The Fifth Circuit found that while a plaintiff's choice of forum is entitled to some deference, that deference is fully accounted for by the burden that is placed on the movant to show good cause for a transfer. *Id.* at 384. A plaintiff's choice of forum is not dispositive, and should be overruled where another forum is clearly more convenient. *Id.* The import of this holding is uncertain, however, because the Fifth Circuit has agreed to rehear the case *en banc*. *In re Volkwagen of America, Inc.*, 517 F.3d 785 (5th Cir. 2008) (granting rehearing *en banc*).

Nonetheless, the Court is of the opinion that Defendants have met both the more stringent burden utilized by the Magistrate Judge[1] as well as the less stringent "good cause" burden outlined in *Volkswagen II*. Specifically, the Court agrees with the Magistrate Judge that the private and public interest factors enumerated in *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") weigh in favor of transfer. As detailed in the Magistrate Judge's Order, any deference due to Plaintiff's choice of forum is overcome by the advantages of transferring this case to the Western District of Texas, Austin Division. The Court is not convinced the Magistrate Judge's Order is clearly erroneous or contrary to law.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Reconsideration and Objections to Magistrate's Order Granting Defendants' Motion to Change Venue (Dkt. No. 62) is **DENIED.**

---

[1] In her July 28, 2008 Order, the Magistrate Judge considered the relevant factors and concluded that Defendants had carried their *strong burden* of showing the interests of justice and the convenience of the witnesses and parties will be better served by transferring this action to the Austin Division of the Western District of Texas. (July 28, 2008 Order at pg. 12).

It is further **ORDERED** that Defendants' Motion to Transfer Venue (Dkt. No. 46) is **GRANTED**.

It is further **ORDERED** that the above-entitled and numbered cause of action is transferred to the Western District of Texas, Austin Division.

**SIGNED this 5th day of September, 2008.**

> _____
> DAVID FOLSOM
> UNITED STATES DISTRICT JUDGE